IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-120-BO

RAY C. BIGGS,                                              )
       Plaintiff,                                       )
                                                          )
                                                          )
v.                                                        )        O R D E R
                                                          )
NORTH CAROLINA DEPARTMENT OF                              )
PUBLIC SAFETY and ERIK A. HOOKS, in                      )
His official capacity as Secretary for the North          )
Carolina Department of Public Safety,                     )
       Defendants.                                      )

This cause comes before the Court on defendants' motion to dismiss. [DE 20]. Plaintiff

has responded, defendant has replied, and the matter is ripe for ruling. A hearing was held before

the undersigned on January 4, 2018 at Raleigh, North Carolina. For the following reasons,

defendants' motion to dismiss is denied.

BACKGROUND

Plaintiff, Ray C. Biggs, has been employed by the Department of Public Safety ("DPS")

and its predecessor, the Department of Corrections, since 1991. He began as a correctional

officer before being promoted to correctional sergeant and then correctional lieutenant. In 2012,

he was promoted to correctional captain at Bertie Correctional Institution. As captain, plaintiff

served as the officer-in-charge at Bertie Correctional and was responsible for overseeing its

normal operation. Bertie Correctional was understaffed.

He was demoted later that year, disciplined after an altercation between inmates and staff.

When resolving the altercation, Biggs sought a written statement from certain inmates who

claimed correctional officers had assaulted them. After being searched, the inmates were

handcuffed and escorted across a hallway in order to write the statements. So that they could write, they were handcuffed in front, instead of the back. Three months later, DPS demoted Biggs from correctional captain to correctional officer, finding that by handcuffing the inmates as he did, he violated DPS policy.

Plaintiff then filed an internal grievance challenging the demotion, which was upheld on February 14, 2013. Plaintiff learned no other staff were disciplined, including white prison staff who had also been found to violate the policy. On March 15, 2013, plaintiff filed a petition with the Office of Administrative Hearings ("OAH"), arguing DPS lacked just cause to demote him. After a hearing, the OAH affirmed the demotion on July 11, 2014, finding there was just cause. Plaintiff then filed the instant suit against DPS and its Secretary, Erik Hooks, alleging violations of 42 U.S.C. § 1981. Plaintiff alleges he was disciplined because he is black. Defendants have now moved to dismiss plaintiff's suit.

## ANALYSIS

Defendants move to dismiss on the following bases: statute of limitations, collateral estoppel, Eleventh Amendment and common law sovereign immunity, and failure to state a claim[1].

I.     Statute of Limitations

Defendants first move to dismiss plaintiff's claims on the grounds that they were brought after the statute of limitations period had expired. There are two separate statute of limitations questions. The first is what period applies; the second is when that period began to run.

---

[1]As plaintiff has not moved for money damages, the Court need not consider defendants' arguments related to the recovery of money damages.

Congress established a four-year statute of limitations when a cause of action is pursuant to a civil rights statute enacted or amended after December 1, 1990. 28 U.S.C. § 1658. Causes of action that existed prior to that deadline retained the catchall statute of limitations from state tort law, which in North Carolina is three years. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-62 (1987); N.C. Gen. Stat. §1-52(s). The Civil Rights Act of 1991 modified § 1981, but not § 1983. This means § 1981 actions have a four year statute of limitations, but § 1983 actions only have three years.

Plaintiff has brought his suit against public defendants—the North Carolina DPS and its secretary, Erik Hooks, in his official capacity. § 1981 was amended in 1991 to outlaw racial harassment related to the conditions of employment, overruling *Patterson v. McLean Credit Union.* 42 U.S.C. § 1981(b); 491 U.S. 164, 171 (1989). When suing state actors for violating § 1981, the remedy is through § 1983. *Dennis v. Cnty. Of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). This is not permissive; it is mandatory.

However, that does not change the character of the actual claim at issue. § 1983 may be the mechanism, but § 1981 creates the underlying substantive right. Without § 1981, a plaintiff situated as here would have no case. Therefore, the claim here arises under § 1981, which was modified after the 1990 deadline. The four-year statute of limitations applies.

The next question is when that period began to toll. Defendants, in their motion, argue that it began at the time of plaintiff's actual demotion, which occurred on November 26, 2012. A cause of action accrues when a plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff alleges he did not become aware of the discriminatory nature of defendants' alleged acts until he received discovery in preparation for the OAH hearing, at which point he learned the racial disparity in DPS's disciplinary decisions. That hearing was on March 13, 2013. This suit was filed on March 8, 2017, within four years of that date. Accordingly, the statute of limitations does not justify dismissal.

II.     Collateral Estoppel

Defendants also move to dismiss on the grounds of collateral estoppel. They argue that, because the OAH determined that plaintiff was demoted for cause, that determination has preclusive effect on this proceeding. Findings of fact in administrative proceedings have a preclusive effect. *University of Tennessee v. Elliott*, 478 U.S. 788, 797 (1986). When the issue of race discrimination has been raised and resolved in a prior administrative proceeding, a plaintiff cannot relitigate that claim in federal court.

But when the issue of race discrimination was not resolved in the administrative hearing, a finding of just cause for the challenged action does not mean a preclusive finding has been made as to race. *Davenport v. N. Carolina Dept. of Transp.*, 3 F.3d 89, 94-95 (4th Cir. 1993); *King v. N. Carolina Dept. of Transp., Div. of Motor Vehicles*, 468 S.E.2d 486, 490 (1996).

The OAH did not make any findings of fact as to whether race was a factor in plaintiff's demotion. Plaintiff did not allege such discrimination in his petition. [DE 21-1 at 1]. Therefore, there is no collateral estoppel, as the issue was not litigated. Defendants' motion to dismiss on that basis is denied.

IV.     Eleventh Amendment and Sovereign Immunity

Defendants next moves to dismiss on the grounds that they have Eleventh Amendment and common-law sovereign immunity.

4

The Eleventh Amendment bars suits against a state by its own citizens absent special circumstances. U.S. Const. Amend. XI; *Regents of the Univ. of Calif. V. Doe*, 519 U.S. 425, 429 (1997). Agencies, instrumentalities, and arms of the state receive the same protection as the state itself. *Id.* The North Carolina Department of Public Safety is an agency of the State of North Carolina. *See* N.C. Gen. Stat. § 143B–601 (2014). There are three exceptions to sovereign immunity: waiver, *Ex Parte Young*, and congressional abrogation. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 59 (1996); *Ex Parte Young*, 209 U.S. 123 (1908); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

The Fourth Circuit interprets the Supreme Court to have established a bright line rule regarding when a state entity's litigation conduct constitutes waiver of immunity. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 546 (4th Cir. 2013), *citing Lapides v. Bd. of Regents of the Univ. Syst. Of Georgia*, 535 U.S. 613, 621 (2002). "[A]ny voluntary removal waives immunity." *Id.* Defendants removed this case from state court. They have waived Eleventh Amendment immunity. To the extent common-law sovereign immunity and Eleventh Amendment sovereign immunity are separable, that distinction is not meaningful here, when there are only federal claims and defendants waived their Eleventh Amendment immunity by voluntarily removing the case to federal court. *See Guthrie v. North Carolina State Port Authority*, 299 S.E.2d 618, 27-28. ("We do not equate waiver of Eleventh Amendment immunity for purposes of subjection to congressional regulation and *suit in federal courts* to waiver in State court for purposes of general tort liability.") (emphasis added). Defendants' motion to dismiss on these grounds is denied.

V.     Failure to State a Claim

Finally, defendants move to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Defendants, in arguing plaintiff has not stated a claim, marshal two legal principles: first, that § 1981 claims locate their remedy in § 1983, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989), and second, that municipalities cannot be held liable for the constitutional violations of their employees absent the showing of an official policy or custom. *Monell v. Dept of Soc. Services*, 436 U.S. 658, 691 (1978). [DE 21 at 14-15]. Both are true, but neither is grounds for dismissal here. Arguing that § 1983 provides the exclusive federal remedy for § 1981 violations

is merely stating the law. Next, *Monell* specifically addresses municipal liability, as opposed to suits against state agencies or state officials in their official capacity. 436 U.S. at 691; *see also Will v. Michigan Dept, of State Police*, 491 U.S. 58 (1989). As defendants acknowledge in their reply, plaintiff has moved for declaratory relief, which is cognizable against these defendants. 491 U.S. [DE 24 at 6]; 491 U.S. at 71 n. 10; s*ee also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting the effect of waiver of immunity).

Plaintiff has alleged facts such that a reasonable inference can be drawn that defendants are liable for the misconduct alleged. The Court finds that he has stated a claim. Defendants' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 20] is DENIED.


SO ORDERED, this the ___ day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE