UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-120-BO

| | |
|---|---|
| RAY C. BIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| PUBLIC SAFETY and ERIK A. HOOKS, in his ) | |
| Official capacity as Secretary for the North ) | |
| Carolina Department of Public Safety, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' motion for summary judgment [DE 40], the parties' motions to compel [DE 39, 44], and plaintiff's motion to seal [DE 52]. These matters have been fully briefed and are ripe for disposition. For the following reasons, defendants' motion for summary judgment [DE 40] is GRANTED, the parties' motions to compel [DE 39, 44] are DENIED AS MOOT, and plaintiff's motion to seal [DE 52] is GRANTED for good cause shown.

BACKGROUND

Plaintiff is African-American and has been employed by the Department of Public Safety (DPS) and its predecessor, the Department of Corrections, since 1991. [DE 1-1, ¶ 12]. He began as a correctional officer before being promoted to correctional sergeant and then correctional lieutenant. *Id.* In 2012, he was promoted to correctional captain at Bertie Correctional Institution. [DE 1-1, ¶ 13]. As captain, plaintiff served as the officer-in-charge at Bertie Correctional and was responsible for overseeing its "normal operation." *Id.* At the relevant times, Bertie Correctional was "short-staffed." [DE 1-1, ¶ 15].

In August 2012, an altercation broke out between three correctional officers and several inmates. [DE 1-1, ¶¶ 15–17]. Plaintiff followed DPS procedure and ordered a "lockdown," during which every inmate at the facility was confined to their individual cells. [DE 1-1, ¶ 18]. Plaintiff, believing at least two inmates to have been assaulted by correctional officers, "followed Defendants' policies and procedures by obtaining a statement from the inmates as soon after the apparent event as possible." [DE 1-1, ¶ 24]. To permit the inmates to write out their statements, plaintiff ordered that they be handcuffed in front rather than in back. [DE 1-1, ¶ 25]. Plaintiff ordered that the inmates, while handcuffed in front, be escorted "across the hall by about 5 feet" to a room where they could write their statements. [DE 1-1, ¶¶ 25–26].

Three months following the incident, plaintiff was demoted six pay grades from correctional captain to correctional officer. [DE 1-1, ¶ 27]. The demotion was premised on plaintiff's orders that the inmates be handcuffed in front and escorted across the hall, which placed correctional officers in danger. *Id.* Plaintiff timely filed an internal grievance concerning the demotion, and in February 2013, DPS upheld plaintiff's demotion. [DE 1-1, ¶ 33].

Subsequently, plaintiff learned that other DPS employees who had violated the hand-restraint policy, including white prison staff, had not been subjected to six-grade demotions. [DE 1-1, ¶ 34]. In March 2013, plaintiff filed a petition with the Office of Administrative Hearings (OAH), arguing that DPS lacked just cause to demote him. In July 2014, following a hearing, OAH found that there was just cause and affirmed plaintiff's demotion. Plaintiff then filed the instant suit against DPS and its secretary, Erik A. Hooks, alleging violations of 42 U.S.C. § 1981. Plaintiff alleges he was discriminated against on the basis of his race.

2

In June 2018, the Court denied defendants' motion to dismiss. [DE 33]. Following a period of discovery, in September 2018, defendants moved for summary judgment [DE 40]. The parties also filed motions to compel in August and September [DE 39, 44].

## DISCUSSION

The Court finds that defendants have convincingly demonstrated that their removal of this case from state to federal court did *not* waive sovereign immunity. Further, the relief that plaintiff requests is properly classified as *retrospective* injunctive relief, as he is seeking to undo his 2012 demotion. Thus, plaintiff's claim against defendant Hooks in his official capacity also implicates sovereign immunity and does not fit under the *Ex parte Young* exception. Summary judgment in favor of defendants is appropriate.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). In determining whether a genuine issue of material fact exists, a court must view the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). And "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion

3

for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Plaintiff brings a claim for injunctive relief under 42 U.S.C. § 1981, alleging that defendants deprived him of the power to make and enforce contracts on the basis of his race. Section 1981 guarantees individuals the right to be free from racial discrimination in the making and enforcing of contracts and entitles them to all benefits, privileges, and conditions of the contractual relationship. 42 U.S.C. § 1981; *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975). The Section 1983 mechanism is the exclusive remedy "for the violation of the rights guaranteed by § 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). Thus, plaintiff's claim must be evaluated under the Section 1983 framework.

Defendant DPS retains sovereign immunity in this suit. The Eleventh Amendment bars suits against a state by its own citizens absent special circumstances. *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997). Agencies like DPS receive the same protection as the state itself. *Id*; N.C. Gen. Stat. § 143B-601 (2014). At issue is whether defendants' voluntary removal of this case from state to federal court waived sovereign immunity. In *Lapides v. Board of Regents of the Univ. of Ga.*, 535 U.S. 613 (2002), the Supreme Court found that the state of Georgia could not claim sovereign immunity in federal court after removing the case against it from state to federal court. The Fourth Circuit analyzed *Lapides* at length in *Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005), concluding that "*Lapides* addresses whether a state that removes an action to federal court having already consented to suit in its own courts can invoke Eleventh Amendment immunity; it does not resolve whether a state that has not consented to suit in its own courts maintains either the broader concept of sovereign immunity or Eleventh Amendment immunity

4

upon voluntarily removing a case to federal court." *Stewart*, 393 F.3d at 488. In other words, in *Lapides*, the state of Georgia had waived its sovereign immunity in state court, and was seeking to reclaim immunity by removing to federal court. But in *Stewart*, as here, the state had not waived its sovereign immunity in state court. Thus, defendant DPS retains its sovereign immunity despite removing the case against it to federal court.

Additionally, plaintiff improperly characterizes his claim against defendant Hooks in his official capacity for injunctive relief as prospective. The doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), provides an exception to Eleventh Amendment immunity where suit is brought against state officials and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir.1998). The *Ex parte Young* exception "does not permit federal courts to entertain claims seeking retrospective relief, either compensatory or other, for completed, not presently ongoing violations of federally protected rights." *Id.* "[A] court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'" to determine if *Ex parte Young* applies. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted).

Plaintiff's claim for relief arises exclusively from his 2012 demotion. In particular, plaintiff seeks an injunction *reinstating* his promotion to correctional captain. While plaintiff argues that each day he is not serving as a correctional captain his rights are violated, and uses this to allege an ongoing violation which would render his requested relief prospective, the heart of the dispute involves past conduct and would require the Court to issue an order which would be, fundamentally, retrospective. Thus, the *Ex parte Young* exception does not apply, and plaintiff's

5

claim against defendant Hooks in his official capacity cannot go forward. As to both defendants, summary judgment is appropriate, and the motion must be granted.

## CONCLUSION

For the reasons discussed above, defendants' motion for summary judgment [DE 40] is GRANTED, the parties' motions to compel [DE 39, 44] are DENIED AS MOOT, and plaintiff's motion to seal [DE 52] is GRANTED for good cause shown.

SO ORDERED, this __29__ day of October, 2018.

_Terrence W. Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE